## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GIROD TITLING TRUST** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-1993** |
| **PITTMAN ASSETS, LLC, ET AL.** | **SECTION: D(5)** |

### ORDER AND REASONS

Before the Court are two Motions.  The first is a Motion to Remand filed by Plaintiff Girod Titling Trust ("Girod"),[1] and the second is a Rule 12(f) Motion to Strike Immaterial Impertinent and Scandalous Pleadings filed by Defendants Michael N. Pittman, Pittman Assets, LLC, Amy S. Pittman, Marcus L. Pittman, III, Janet L. Pittman, and Shadrack Enterprises, LLC (the "Pittmans").[2]  After careful consideration of the parties' memoranda, the record, and the applicable law, the Court **DENIES** the Pittmans' Rule 12(f) Motion to Strike Immaterial Impertinent and Scandalous Pleadings and **GRANTS** Girod's Motion to Remand.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

On March 15, 2017, a promissory note (the "Note") was given to Hermes Health Alliance, LLC ("Hermes") and was guaranteed by Defendant Michael N. Pittman and secured by a multiple indebtedness mortgage executed by each of the defendants in this matter (the "Mortgage").[3]  The Note is payable "to the order of First NBC Bank

---

[1] R. Doc. 20.
[2] R. Doc. 21.
[3] R. Doc. 20-4 at ¶¶ 17, 21, 32, and 38.

("FNBC").[4]   The mortgage secures all obligations owed to FNBC or its assigns by Michael N. Pittman and/or other parties identified as "Borrower."[5]

Following the execution of the Note, FNBC was liquidated, and all rights, titles, powers, and privileges of FNBC transferred to the Federal Deposit Insurance Corporation (the "FDIC"), which was appointed as FNBC's receiver.[6]   Thereafter, on November 13, 2017, the FDIC transferred ownership of all rights under the relevant mortgages and other collateral documents, including the Note and the Mortgage, to Girod LoanCo, LLC.[7]   Girod LoanCo, LLC in turn transferred ownership of these rights to Girod.[8]

On February 5, 2024, Girod initiated this foreclosure action against Pittman Assets, LLC, Shadrack Enterprises, LLC, Michael N. Pittman, Amy Schoultz Pittman, Marcus L .Pittman, III, and Janet Lattanzi Pittman in the 22nd Judicial District Court for the Parish of St. Tammany, State of Louisiana, seeking "to foreclose on certain collateral pursuant to defaults under the [Note]."[9]   On February 6, 2024, the state court entered an order (the "Seizure Order"), directing the St. Tammany Parish Sheriff to seize and sell the Property in order to satisfy the amount due under the Note.[10]

Following the Seizure Order, the Pittmans attempted several avenues to halt the sale of the Property.   On April 24, 2024, the Pittmans filed a Petition for

---

[4] *Id.* at ¶ 11.
[5] *Id.* at ¶¶ 37-38.
[6] *Id.* at ¶¶ 12-14.
[7] *Id.* at ¶ 15.
[8] *Id.*
[9] *Id.* at ¶ 16.
[10] R. Doc. 20-5.

Preliminary and Permanent Injunction to Enjoin Executory Process, a Motion for Preliminary Injunction to Enjoin Executory Process, and an Emergency Motion for Expedited Consideration of Motion for Preliminary Injunction to Enjoin Executory Process or, Alternatively, to Continue Judicial Sale Scheduled for May 1, 2024, and Incorporated Memorandum In Support.[11]  The state court issued an order staying the sale to allow time for the state court to consider and hold on a hearing on the Pittmans' motions for injunctive relief.[12]  The hearing on the motions was set for July 30, 2024, and the sale was ultimately reset for August 14, 2024.[13]

On July 29, 2024, the day before the scheduled hearing on the motions, the Pittmans withdrew their motions for injunctive relief and filed a Motion to Vacate Judicial Sale Setting and to Enforce Stay Orders with Motion for Expedited Consideration (the "Motion to Vacate").[14]  The state court set this motion for a hearing on August 13, 2024, one day before the sale.[15]  The state court conducted the hearing as scheduled, and in an oral ruling, denied all relief to the Pittmans.[16]  The Pittmans filed for an emergency writ from the Louisiana First Circuit Court of Appeal, which was denied.[17]  The sale remained scheduled for the following day, August 14, 2024, at 10:00 a.m.

---

[11] R. Docs. 20-7, 20-8, and 20-9.
[12] R. Doc. 20-6.
[13] R. Doc. 20-12.
[14] R. Docs. 20-13 and 20-14.
[15] R. Doc. 20-15.
[16] R. Doc. 20-1 at 5.  Understandably, there is no exhibit supporting that there was an oral ruling or what the oral ruling included.  However, the Pittmans do not dispute, and in fact appear to concede, Girod's description of the hearing.
[17] R. Doc. 20-17.

On August 14, 2024, at 9:28 a.m., Henry L. Klein ("Mr. Klein"), the Pittmans' attorney, removed this matter to this Court.[18]  On the same day, at 9:50 a.m., Mr. Klein sent an email to the St. Tammany Parish Sheriff's Office instructing that "[t]he Girod v. Pittman case has been removed.  Please proceed no further until orders from the United States District Court for the Eastern District of Louisiana are provided."[19] The Sheriff's Office sold the Property as scheduled to Girod REO, LLC.[20]

On August 21, 2024, following removal, the Pittmans filed in this Court a Motion to Enforce 28 U.S.C. § 1446(d), for 28 U.S.C. § 2283 Stay of State Court Proceedings, for Declaratory Judgment Enforcing the Supremacy Clause of the United States Constitution and 28 U.S.C. 2202 § [sic] Further Relief (the "Motion for Declaratory Judgment").[21]

Girod then filed a Motion to Remand, arguing removal is appropriate on two bases, neither of which has been satisfied in this matter.  Most fundamentally, Girod argues that a foreclosure action does not give rise to a federal question and that in any event, the *Rooker-Feldman* doctrine precludes review of the state court's decisions.[22]  Girod further argues that remand is appropriate because the Pittmans' removal was untimely as the state court matter was filed on February 5, 2024 and

---

[18] R. Doc. 1.

[19] R. Doc. 20-20.

[20] R. Doc. 21.  Although this Motion was originally set for submission on September 17, 2024, the Court reset the submission date to November 12, 2024, in response to a motion filed by Girod.  R. Docs. 25 and 34.

[21] R. Doc. 16.

[22] R. Doc. 20-1 at 10-11, 14.  Girod categorizes its *Rooker-Feldman* argument as distinct from its lack of subject matter jurisdiction argument.  The *Rooker-Feldman* doctrine, if applicable, strips a court of its subject matter jurisdiction, however.  *See Truong v. Bank of Am., N.A.*, 717 F.3d 377, 383 (5th Cir. 2013) (quoting *Noel v. Hall*, 341 F.3d 1148, 1164 (9th Cir. 2003)) ("*Rooker-Feldman* bars subject matter jurisdiction in federal district court.").  For this reason, the Court considers Girod's *Rooker-Feldman* doctrine argument as part of its lack of subject matter jurisdiction argument.

the Notice of Removal was not filed until August 14, 2024.[23]  Girod further argues
that the cited "other paper" upon which Defendants relied in its  Notice of Removal—
the state court's August 13, 2024 ruling—was never memorialized in writing and
therefore cannot trigger the removal clock.[24]  Finally, Girod insists that this case was
removed in bad faith and asks the Court to award attorney's fees and costs on this
basis.[25]

In response to Girod's Motion, the Pittmans cite to the Supremacy Clause of
the United States Constitution and explain that "[t]he failure of any state court to
enforce the law as it is written is why the PITTMAN Defendants are before this
Article III tribunal for prompt succor."[26]  The Pittmans allege that the facts of this
case are "constitutionally intolerable," apparently invoking federal question
jurisdiction based on alleged constitutional violations.[27]

On September 1, 2024, in response to Girod's Motion to Remand, the Pittmans
filed a Rule 12(f) Motion to Strike Immaterial Impertinent and Scandalous
Pleadings.[28]  In their Motion, the Pittmans point to several statements in the Motion
to Remand that appear to undercut the validity of the Pittmans' Motion for
Declaratory Judgment and identify Mr. Klein as being suspended from the practice
of law.  These comments, the Pittmans argue, are "immaterial, impertinent and

---

[23] R. Doc. 20.
[24] R. Doc. 20-1. at 13.
[25] *Id.*
[26] *Id.* at 5.
[27] *Id.* at 9.
[28] R. Doc. 21.

scandalous" and should be stricken pursuant to Federal Rule of Civil Procedure 12(f).[29]

In response, Girod argues that motions to strike are an extraordinary remedy and that the bar for deeming a statement immaterial, impertinent, or legally scandalous is extremely high.[30]  Girod's statements, it argues, do not rise to this level. Girod then argues that even if the subject statements rise to the level required under Rule 12(f), a party seeking to strike material must show prejudice and the Pittmans have failed to make such a showing.[31]

## II.     LEGAL STANDARD

### A. Motion to Remand

A defendant may remove "any civil action brought in a State court which the district courts of the United States have original jurisdiction."[32]  Relevant to this action, district courts have original jurisdiction when the action arises "under the Constitution, laws, or treaties of the United States."[33]  A federal court's subject matter jurisdiction must exist "as of the time the complaint is filed."[34]  Generally, defendants have thirty days following the receipt of initial pleadings to file a notice of removal.[35]  However, "a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading,

---

[29] R. Doc. 21-1 at 1.
[30] R. Doc. 26 at 5-8.
[31] *Id.* at 8.
[32] 28 U.S.C. § 1441(a).
[33] 28 U.S.C. §§ 1331, 1332(a).  The Pittmans do not invoke diversity jurisdiction pursuant to § 1332.
[34] *St. Paul Reins. Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).
[35] 28 U.S.C. § 1446(b)(1).

motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."[36]

A case removed to federal court should be remanded back to state court if it appears that the district court lacks subject matter jurisdiction at any point prior to final judgment.[37]  "The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper."[38]  The removal statute is strictly construed in favor of remand, and thus, courts must construe any ambiguities against removal.[39]

## B. Motion to Strike

Federal Rule of Civil Procedure 12(f) allows the court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."[40]  A "motion to strike should be granted only when the pleading to be stricken has no possible relation to the controversy."[41]  "'Even when technically appropriate and well-founded,' motions to strike are not to be granted 'in the absence of a showing of prejudice to the moving party.'"[42]  "The district court possesses considerable discretion

---

[36] 28 U.S.C. § 1446(b)(3).

[37] 28 U.S.C. § 1447(c).

[38] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995)).

[39] *Id.* (citing *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)).

[40] FED. R. CIV. P. 12(f).

[41] *Augustus v. Bd. of Pub. Instruction of Escambia Cnty., Fla.*, 306 F.2d 862, 868 (5th Cir. 1962) (internal citation and quotation omitted).

[42] *Abene v. Jaybar, LLC*, 802 F.Supp.2d 716, 723 (E.D. La. 2011) (quoting 5C CHARLES ALAN WRIGHT & ARTHUR MILLER, FEDERAL PRACTICE AND PROCEDURE § 1382 (3d. ed. 2004)).

in disposing of a Rule 12(f) motion to strike."[43]   Even so, "the action of striking a pleading should be sparingly used by the courts."[44]

## III.   ANALYSIS

### A. Whether It Is Appropriate to Strike Girod's Motion to Remand.

At the outset, the Court considers whether it is appropriate to strike Girod's Motion to Remand.  As explained above, Rule 12(f) allow courts to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."[45]   Critically, the plain text of Rule 12(f) allows only material in a *pleading* to be stricken from the record.[46]   Pleadings under the Federal Rules are limited to complaints, answers to complaints, answers to counterclaims, answers to crossclaims, third-party complaints, answers to third-party complaints, and a court-ordered reply to an answer.[47]   A motion to remand is not a pleading under the Federal Rules and, thus, is not appropriately stricken under Rule 12(f).[48]   Absent a request to strike Girod's Motion to Remand under another mechanism that allows the striking of a non-pleading, the Pittmans' Rule 12(f) Motion to Strike Immaterial Impertinent and Scandalous Pleadings must be denied.

---

[43] WRIGHT & MILLER, supra note 10; *see United States v. Coney*, 689 F.3d 365, 379 (5th Cir. 2012) ("We review a district court's ruling on a motion to strike for abuse of discretion.").

[44] *Coney*, 689 F.3d at 379 (quoting *Augustus*, 306 F.2d at 868) (internal quotations omitted).

[45] FED. R. CIV. P. 12(f).

[46] *Id.*; *Chaverri v. Dole Food Co., Inc.*, No. 11-CV-1289, 2012 WL 2087409, at *2 (E.D. La. June 8, 2012) ("Rule 12(f) only permits a court to strike matter within pleadings.").

[47] FED. R. CIV. P. 7(a)(1)-(7).

[48] *See Marquette Transp. Co. v. Trinity Marine Prods., Inc.*, No. 06-CV-826, 2006 WL 2349461, at *1 n.1 (E.D. La. Aug. 11, 2006) ("Because Rule 12(f) contemplates only striking 'pleadings' as defined by the Federal Rules, *see* Rule 7(a), and because plaintiffs' statements are not pleadings, defendants' motions to strike are DENIED.").

Even considering the merits of the Motion, the Motion fails. The Pittmans have not pointed to anything in Girod's Motion to Remand that rises to the level of immaterial, impertinent, or scandalous within the meaning of Rule 12(f). The Pittmans take issue with the following language from Girod's Motion to Remand:

1. "The Notice was an unsuccessful delay tactic that lacks a good faith basis, as this Court has previously explained to Defendant's counsel in the context of remanding prior bad-faith removals."[49]

2. "Defendants' 'intervention counsel' (Henry Klein) asserted various arguments for an emergency injunction, including the tiresome argument that [Girod] cannot institute foreclosure proceedings in Louisiana pursuant to La. R.S. 12:1354."[50]

3. "Defendants, through suspended attorney Henry L. Klein, filed a Notice with this Court at 9:28 a.m. Klein then contacted the St. Tammany Parish Sheriff's Office to advise them of the removal and to demand that they cancel the impending sale of the Property. The sheriff declined to follow instructions from a suspended attorney purporting to represent the Defendants and sold the Property to REO."[51]

4. "[Girod] is unable to explain how Klein was able to obtain a certificate of good standing from the Eastern District of Louisiana when he is unable to obtain one from the Louisiana Supreme Court."[52]

5. "Defendant's [sic] Notice offers little in the way of factual allegations to support these grandiose statements of constitutional and civil rights injuries."[53]

6. "Fantastical allegations" and "newly minted defenses."[54]

7. "The entire second paragraph is immaterial and impertinent and begins four pages of references to other cases having nothing to do with this case. The references are a tangential attempt to use res judicata or claim preclusion offensively (no invective intended)."[55]

---

[49] R. Doc. 21-1 at 6 (quoting R. Doc. 20-1 at 1) (emphasis and internal quotations omitted).
[50] *Id.* (quoting R. Doc. 20-1 at 5) (emphasis and internal quotations omitted).
[51] *Id.* at 7 (quoting R. Doc. 20-1 at 5 (emphasis and internal quotations omitted) (cleaned up).
[52] *Id.* (quoting R. Doc. 20-1 at 5 n.20) (emphasis and internal quotations omitted).
[53] *Id.* at 8 (quoting R. Doc. 20-1 at 8) (emphasis and internal quotations omitted).
[54] *Id.* at 8 (quoting R. Doc. 20-1 at 9) (emphasis and internal quotations omitted).
[55] *Id.* at 8 (citing R. Doc. 20-1 at 10-11).

The Pittmans' argue that the foregoing comments directed at Mr. Klein's suspension by the Louisiana Supreme Court and comments undermining the Pittmans' Motion for Declaratory Judgment are scandalous. They then argue that that Girod's citations to cases other than this one are immaterial and/or impertinent. The Court finds these statements do not meet the high bar which would require them to be stricken under Rule 12(f).

The Pittmans contend that the statements listed above are scandalous. Scandalous matters, within the context of Rule 12(f), "generally refers to any allegation that unnecessarily reflects on the moral character of an individual or states anything in repulsive language that detracts from the dignity of the court."[56] Even so, "a district court should not strike challenged allegations or pleadings simply because they 'offend the sensibilities' of the objecting party."[57] The Pittmans argue that adjectives describing the Pittmans' legal arguments or theories of law as "tiresome, grandiose, fantastical," and "newly minted" are scandalous.[58] While these statements may very well offend the objecting parties, they do not constitute "repulsive language" offensive to the Court, "nor do they amount to inappropriate name calling."[59] Such language simply does not serve the basis of a Rule 12(f) motion.

Nor does the Court find that Girod's comments regarding Mr. Klein's suspension should be stricken. Even if these comments rose to the level of

---

[56] *Gilchrist v. Schlumberger Tech. Corp.*, 321 F.R.D. 300, 303 (W.D. Tex. 2017).

[57] *Coney*, 689 F.3d at 379.

[58] R. Doc. 21-1 at 7-8.

[59] *Gilchrist*, 321 F.R.D. at 303. *Cf. Marceaux v. Lafayette Consol. Gov't*, No. 12-CV-1532, 2012 WL 5197667, at *1 (W.D. La. Oct. 18, 2012) (striking a comment that the defendant is "rotten to the core" because it served no purpose other than to cast the defendant in a poor light).

scandalous, a comment should not be stricken "if the challenged allegations describe acts or events that are relevant to the action."[60]   As Girod points out, Mr. Klein's suspension is relevant to this action.   Girod attaches to its Opposition an email from Lauren Hudson, the St. Tammany Parish Sheriff's Office Civil Division supervisor, who suggested that the sale of the Property proceeded even after the Sheriff's Office had received Mr. Klein's email at least in part because the Sheriff's Office is familiar with Mr. Klein and understands that "he is currently ineligible to practice law."[61] This action is one with which the Pittmans take issue in their Opposition brief.[62]   Mr. Klein's suspension, as well as Girod's attempt to explain Mr. Klein's involvement in this case despite his suspension, are relevant to this action.   It is therefore not appropriate to strike these comments under Rule 12(f).

The Pittmans also attack Girod's reference to cases other than this one as immaterial and/or impertinent.   The definitions of immaterial and impertinent are closely related.   "Immaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded," and impertinent material "consists of statements that do not pertain, and are not necessary, to the issues in question."[63]   But the information the Pittmans seek to strike is directly related and essential to this matter.   The first comment with which the Pittmans take issue is the allegation that courts have previously explained to Mr. Klein that

---

[60] *Spoon v. Bayou Bridge Pipeline, LLC*, 335 F.R.D. 468, 470-71 (M.D. La. Aug. 20, 2020) (internal citations omitted).
[61] R. Doc. 26-1 at 1.
[62] R. Doc. 28 at 1-2.
[63] *Spoon*, 335 F.R.D. at 471.

removals such as the one at issue in this case are merely delay tactics.  This allegation is directly relevant to Girod's request for costs and attorney's fees, which Girod moves for at the close of its Motion to Remand, and is therefore neither impertinent nor immaterial.  The Pittmans' attack on Girod's citations to case law supporting its position as to lack of jurisdiction are rejected.  The idea that a party's citations to case law is immaterial or impertinent is simply incorrect.  In fact, such a practice is arguably one of the most important of any attorney.

To be clear, the Court does not consider any of the isolated language to be scandalous, immaterial, or impertinent.  Even if the Court had made such a finding, however, it would still deny the Pittmans' Motion for failure to establish prejudice. The Pittmans do not expressly mention potential prejudice.  They do, however, make the following statements, which the Court construes as allegations of prejudice: "The deepest cut of all was the number of times Mover-Klein was referenced as a 'suspended lawyer' and the character assassination implicit therein . . . . The damage is irreparable"[64] and "[b]y now, the epithets would have 'poisoned the well' as fully expected."[65]  It is unclear what damage the Pittmans consider to be irreparable or what well they allege has been poisoned.  To the extent the Pittmans argue Girod's statements will sway this Court in some way, the Court assures the Pittmans that its decisions and analyses are based solely on applying facts and substantive arguments made by the parties to the law.  Even if the statements with which the Pittmans take issue were scandalous, immaterial, or impertinent, which, again, the

---

[64] R. Doc. 21-1 at 2 (cleaned up).
[65] *Id.* at 8.

Court finds that they are not, they are not comments that will influence the Court. The Court therefore finds no prejudice as a result of the comments in Girod's Motion, and the Court denies the Pittmans' Rule 12(f) Motion to Strike Immaterial Impertinent and Scandalous Pleadings.[66]

### B. Whether the Court Must Remand This Matter.

Having determined that it is not appropriate to strike Girod's Motion to Remand, the Court turns to the merits of the Motion. As explained above, Girod's Motion cites two bases for remand. Girod contends first that this Court lacks subject matter jurisdiction and second, that removal was untimely. The Court considers these arguments in turn.

### i. Whether the Court Has Subject Matter Jurisdiction.

This case concerns an executory process proceeding, the handling of which the Pittmans argue "has reached _unconstitutional_ levels violating due process, equal protection, and petitioning clause principles under the 1st, 5th, and 14th Amendments to the United States Constitution."[67] In its Motion, Girod argues that even if it is true that the state court's handling of this matter gave rise to a constitutional violation, "federal subject-matter jurisdiction is based on the allegations stated on the face of a well-pleaded complaint (or petition)" and that no such allegations exist in Girod's state court petition.[68]

---

[66] To the extent the Pittmans intended these comments to allege prejudice to them in some other way, the Court finds the Pittmans have failed to meet their burden to show prejudice. _See Scarborough v. Rotocraft Leasing Co._, No. 23-CV-1519, 2024 WL 3418004, at *2 (S.D. Tex. July 15, 2024) ("Conclusory statements about unfair prejudice are not enough to justify a motion to strike; a stronger showing is required under Rule 12(f).") (internal quotations and citations omitted).

[67] R. Doc. 1 at ¶ 8.

[68] R. Doc. 20-1 at 9.

In its Opposition, the Pittmans insist "[t]his case can't be remanded. Undersigned counsel has made reference to the need for 'two watchful Article III eyes' to oversee this landmark case."[69]  In support of this position, the Pittmans appear to argue that the state court failed to properly adjudicate this matter and that the Supremacy Clause affords federal courts subject matter jurisdiction to review "[t]he failure of any state court to enforce the law as it is written."[70]  The Pittmans also appear to argue that this Court may exercise jurisdiction through pendent jurisdiction.[71]

Under the well-pleaded complaint rule, "a federal court has original or removal jurisdiction only if a federal question appears on the face of the plaintiff's well-pleaded complaint; generally, there is no federal jurisdiction if the plaintiff pleads only a state law cause of action."[72]  "a case pleading only state law claims may arise under federal law 'where the vindication of a right under state law necessarily turns on some construction of federal law.'"[73]  Moreover, "a defense that raises a federal question is inadequate to confer federal jurisdiction."[74]

The Petition in this case is one for foreclosure by executory process.[75]  Claims of this nature "arise purely under Louisiana law and involve no federal cause of

---

[69] R. Doc. 28 at 9 (cleaned up).
[70] *Id.* at 5.
[71] *Id.* at 6.
[72] *Bernhard v. Whitney Nat'l Bank*, 523 F.3d 546, 551 (5th Cir. 2008).
[73] *Id.* (quoting *Franchise Tax Bd. v. Const. Laborers Vacation Tr.*, 463 U.S. 1, 9 (1983)) (internal quotations and brackets omitted).
[74] *Id.* (quoting *Merrell Dow Pharms., Inc. v. Thompson*, 478 U.S. 804, 808 (1986)) (internal quotations omitted) (cleaned up).
[75] R. Doc. 10-2 at 1-19.

action."[76]   Claims for foreclosure by executory process likewise do not turn on construction of federal law.   Moreover, to the extent the Pittmans argue federal jurisdiction arose throughout the executory process, either through a defense the Pittmans raised or some other event, the Pittmans' position lacks merit.   As explained above, a federal question must appear on the plaintiff's petition, not through some subsequent filing or defense raised throughout the case.   There is no such claim on the Petition, and thus, this Court lacks subject matter jurisdiction.[77]   For the reasons stated, the Court  finds that the Pittmans "lacked an objectively reasonable basis for removal."[78]

To the extent the Pittmans argue that the Supremacy Clause affords this Court subject matter jurisdiction to review the sufficiency of the state court's decisions, such an argument is precluded by the *Rooker-Feldman* doctrine.   "Reduced to its essence, the *Rooker-Feldman* doctrine 'holds that inferior federal courts do not have the power to modify or reverse state court judgments.'"[79]   "The doctrine applies where: 1) the plaintiff loses in the state court proceeding, 2) the plaintiff's complaint alleges the

---

[76] *Girod LoanCo, LLC v. Heisler*, No. 19-CV-13150, 2019 WL 7047282, at *4 (E.D. La. Dec. 23, 2019); *F.D.I.C. v. Saxena*, No. 93-CV-1117, 1994 WL 202364, at *1 (E.D. La. May 16, 1994) ("F.R.C.P. 64 provides in part that state-created remedies for the seizure of person or property are available in the federal courts as long as the action in which any of the foregoing remedies is used shall be commenced and prosecuted pursuant to these rules . . . . Clearly, an executory proceeding under Louisiana law does not comport with these requirements of the Federal Rules of Civil Procedure.") (internal quotations and citations omitted) (cleaned up); *see Bank of N.Y. Mellon v. Laugand*, No. 17-CV-67, 2017 WL 9485533, at *5 (M.D. La. Sept. 21, 2017); *BancBost. Mtg. Corp. v. Wilson*, No. 88-CV-2823, 1988 WL 76229 (E.D. La. July 11, 1988).

[77] The Pittmans appear to argue that this Court may exercise federal jurisdiction pursuant to pendent jurisdiction.   For several reasons, including that there is no claim over which this Court has jurisdiction, pendent jurisdiction is not applicable here.   *See Von Derhaar v. Watson*, 109 F.4th 817, 825 (5th Cir. 2024) (quoting *Escobar v. Montee*, 895 F.3d 387, 391 (5th Cir. 2018)).

[78] *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005).

[79] *Union Planters Bank Nat. Ass'n v. Salih*, 369 F.3d 457, 462 (5th Cir. 2004).

state court judgment causes an injury, 3) the judgment was rendered before federal proceedings commenced; and 4) the plaintiff seeks review and rejection of the state court judgment."[80]

The first three elements are plainly met here. The Seizure Order was a final judgment under Louisiana law that was adverse to the Pittmans.[81] The Pittmans insist the sale of the Property, which occurred pursuant to the Seizure Order, "impacted each [of the Pittmans] in a different way and to different degrees."[82] Moreover, the Seizure Order was issued on February 6, 2024, long before this matter was removed on August 14, 2024.[83]

The final element is likewise met. The Pittmans' chief complaint is that the state court erred in issuing the Seizure Order. True, the Pittmans' Notice of Removal makes a number of references to the state court's August 13, 2024 oral ruling and the Pittmans, in various filings, have made broad references to constitutional violations in the handling of the lawsuit in state court. But the relief the Pittmans seek is made clear in their Memorandum In Support of Motion for Declaratory Judgment, which closes by saying: "Judgment declaring that Girod Titling did not have the right to present judicial demands in a Louisiana court of law after it purchased $414,768,666 in FNBC debt without complying with the Louisiana Closed-Door Statute will fulfill this Court's sole function to enforce the law as it is written."[84] Such a prayer for relief

---

[80] *Williams v. Trosclair*, 627 F.Supp.3d 594, 603 (E.D. La. Sept. 14, 2022) (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).
[81] *See* LA. CODE CIV. PROC. art. 2642(B) ("A suspensive appeal from an order directing the issuance of a writ of seizure and sale shall be taken within fifteen days of service of the notice of seizure.").
[82] *Id.* at ¶ 10.
[83] R. Docs. 20-5 and 1.
[84] R. Doc. 16-1 at 14 (citations omitted).

is nothing more than an invitation to reject the state court's judgment. Even if this was not the Pittmans' chief prayer, however, this suit would still be barred by the *Rooker-Feldman* doctrine. The Pittmans "cannot circumvent [the *Rooker-Feldman* doctrine] by asserting claims not raised in the state court proceedings or claims framed as original claims for relief," because "these claims are 'inextricably intertwined' with [the] state judgment[.]"[85] Such a maneuver would necessarily require this Court to review the Seizure Order, "and the originality of the district court's jurisdiction precludes such a review."[86] This prong is therefore met.[87] The removing defendants have failed to establish that this Court has subject matter jurisdiction.

### ii.   Whether the Court Must Remand Due to the Timeliness of the Pittmans' Removal.

While this Court's lack of subject matter jurisdiction could end the Court's analysis, the Court further addresses the timeliness of the removal. Girod also argued that this case should be remanded because it was not timely removed.[88] Typically, a case must be removed within thirty days after the defendant receives a copy of the initial pleading or summons, whichever occurs first.[89] If the initial pleading is not

---

[85] *Heisler v. Girod LoanCo, LLC*, No. 21-CV-1343, 2021 WL 4125057, at *3 (E.D. La. Sept. 9, 2021) (citing *Turner v. Cade*, 354 F. App'x 108, 111 (5th Cir. 2009)) (internal quotations omitted).

[86] *Id.* (quoting *United States v. Shepherd*, 23 F.3d 923, 924 (5th Cir. 1994)) (internal quotations omitted).

[87] *See also Liedtke v. State Bar of Tex.*, 18 F.3d 315, 317 (5th Cir. 1994) ("Constitutional questions arising in state proceedings are to be resolved by state courts. If a state trial court errs the judgment is not void, it is to be reviewed and corrected by the appropriate state appellate court. Thereafter, recourse at the federal level is limited solely to an application for a writ of certiorari to the United States Supreme Court. The casting of a complaint in the form of a civil rights action cannot circumvent this rule.").

[88] R. Doc. 20-1 at 13 (quoting 28 U.S.C § 1446(b)(3)) (internal quotations omitted). The Pittmans do not appear to address this basis for remand in its Opposition to Girod's Motion.

[89] 28 U.S.C. § 1446(b)(1).

removable, however, a defendant may timely remove by filing a notice of removal "within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order, or *other paper* from which it may first be ascertained that the case is one which is or has become removable."[90]

Girod argues the basis on which the Pittmans removed—the state court's August 13, 2024 ruling—cannot constitute an "other paper" for purposes of the removal statute because it was given orally. The Court agrees. As the Fifth Circuit has explained in analyzing the removal statute, "the information giving notice of removal must be contained in a writing."[91] Girod asserts that the state court's August 13, 2024 ruling was given orally. Accepting this statement, the oral ruling would not constitute an "other paper." Even if the state court's ruling was reduced to writing, however, the Pittmans, as removing defendants, have not produced any such order. Indeed, the Notice of Removal itself makes clear that the impetus for the filing of the Notice of Removal was the adverse rulings from the state court.[92] As discussed earlier in the context of the *Rooker-Feldman* analysis, dissatisfaction with the rulings of a state court do not form the basis for a federal court's subject matter jurisdiction.[93] Without the benefit of the state court's written order—should one exist—the

---

[90] 28 U.S.C. § 1446(b)(3) (emphasis added).

[91] *Morgan v. Huntington Ingalls, Inc.*, 879 F.3d 602, 609 (5th Cir. 2018).

[92] *See* R. Doc. 1 at ¶¶ 2-3 ("The State-Court Action became removable pursuant to 28 U.S.C. §1446(b)(3) on August 13, 2024 when the State Court DENIED the Removing Defendants relief from executory process . . . . The State-Court Action also became removable on August 13, 2024 when the State Court arbitrarily DENIED the Removing Defendants relief . . . .").

[93] *See Weekly v. Morrow*, 204 F.3d 613, 615 (5th Cir. 2000) ("[F]ederal district courts, as courts of original jurisdiction, lack appellate jurisdiction to review, modify, or nullify final orders of state courts. If a state trial court errs the judgment is not void, it is to be reviewed and corrected by the appropriate state appellate court. Thereafter, the recourse at the federal level is limited solely to an application for a writ of certiorari to the United States Supreme Court.") (internal citations and quotations omitted).

Pittmans fail to meet their burden to show removal was proper and timely.[94] Accordingly, this matter must be remanded not only because this Court lacks subject matter jurisdiction, but additionally because removal was untimely.

### C. Whether the Court Should Award Attorney's Fees and Costs.

Having determined that remand is appropriate, the Court turns to its final consideration—whether to grant Girod's request to assess attorney's fees and costs against the Pittmans and/or Mr. Klein.  Title 28, United States Code, Section 1447(c) provides that a court, upon ordering remand, "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  "In general, 'courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.'"[95]  A party that "'could conclude from th[e] case law that its position was not an unreasonable one' at the time of removal" had an objectively reasonable basis for removal.[96]  Costs and fees should not be ordered when a plaintiff's "conduct after removal play[ed] a substantial role in causing the case to remain in federal court."[97]

After careful consideration, the Court finds that it is appropriate to assess costs and attorney's fees against the Pittmans.  It is well-established that federal jurisdiction must be found on the face of the state court petition.  And as the Court explained in detail above, Girod's Petition rests entirely in state law.  Indeed,

---

[94] *See Frank v. Bear Stearns & Co.*, 128 F.3d 919, 921-22 (5th Cir. 1997) (citing *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 365 (5th Cir. 1995)) ("The party invoking the removal jurisdiction of federal courts bears the burden of establishing federal jurisdiction over the state court suit.").

[95] *Thomas v. S. Farm Bureau Life Ins. Co.*, 751 F. App'x 538, 540 (quoting *Martin*, 546 U.S. at 141).

[96] *Id.* (quoting *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000)).

[97] *Avitts v. Amoco Prod. Co.*, 111 F.3d 30, 32 (5th Cir. 1997).

removing defendants do not even cite to the state court Petition in their Notice of Removal.[98]  It is hard to imagine a scenario where an attorney could find, based on case law, that removal was appropriate in this instance.  In further support of finding that the removal was objectively unreasonable, the Notice of Removal was untimely by months.  The state court matter was filed on February 5, 2024 and the Notice of Removal was not filed until August 14, 2024.[99]  Notedly, while the Pittmans assert that the removal was triggered by "other papers," the Pittmans did not provide the Court with that documentation to meet their burden of proving timeliness of removal.

While this in and of itself would be sufficient to justify an award of fees and costs, the Court is also troubled by Mr. Klein's history of unsuccessfully removing matters such as this one.  By way of example, Mr. Klein removed *Quinn v. Palmer* to another Section of this Court, alleging that the state court's handling of the matter gave rise to federal jurisdiction.[100]  In granting the plaintiff's motion to remand, Judge Ashe rejected the defendants' bases for federal jurisdiction, finding that the court could not exercise federal jurisdiction when the action was based entirely on state law and "[t]he gravamen of Defendants' claimed federal question jurisdiction is that they have been and are being treated unfairly in the Louisiana state court system."[101]  Two years later, Mr. Klein faced a similar decision in *Girod LoanCo., LLC v. Heisler*, which, much like this case, involved the removal of a case borne out

---

[98] R. Doc. 1.
[99] R. Doc. 20.
[100] No. 18-CV-6999, 2018 WL 6630204 (E.D. La. Dec. 19, 2018).
[101] *Id.* at *3-4.

of a "Verified Petition for Foreclosure by Executory Process.[102]  Coincidentally, or not, it also involved a Girod entity.  In *Heisler*, Chief Judge Brown granted the plaintiff's motion to remand,[103] finding that the foreclosure proceeding at issue in that case concerned state and not federal law.[104]

Based on the foregoing, the Court finds that not only was removal baseless given the pleadings in this matter, but that Mr. Klein knew his arguments lacked validity based on prior court decisions.  Baseless removals such as this one come at a significant cost to plaintiffs, whose time and money is wasted defending such removals, as well as to courts, which must allocate their limited resources to ensuring that they have federal jurisdiction over the cases before them.  To say that much ink has been spilled in this matter would be an understatement. To safeguard against future removals which lack an objectively reasonable basis such as this one, the Court exercises its discretion and awards cost and attorney's fees to be assessed against the

---

[102] 2019 WL 7047282.

[103] This is more appropriately referred to as the second motion to remand.  Mr. Klein removed *Heisler* to this Court on March 14, 2019, alleging diversity jurisdiction; Chief Judge Brown granted the plaintiff's motion on June 5, 2019.  Four months later, Mr. Klein re-removed the same matter to this Court, alleging federal question jurisdiction; Chief Judge Brown (again) granted the plaintiff's motion to remand and ordered attorney's fees to be paid.

[104] *Id.* at *4.  Additionally, as Girod points out, at least one of the Pittmans' proffered arguments—that Girod has no right to collect on the notes and mortgage assigned to it because it is not registered in Louisiana—has been rejected by the Louisiana Fourth and Fifth Circuit Courts of Appeal and another Section of this Court.  R. Docs. 20-23 and 20-24; *Heisler v. Kean Miller, LLP*, No. 21-CV-724, 2021 WL 5919507, at *6 n.70 (E.D. La. Dec. 15, 2021).

Pittmans.[105]  The Court will retain jurisdiction solely with respect to the award of attorney's fees and costs.[106]

## IV.   CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the Rule 12(f) Motion to Strike Immaterial Impertinent and Scandalous Pleadings[107] filed by the Pittmans is **DENIED**.

**IT IS FURTHER ORDERED** that the Motion to Remand filed by Girod is **GRANTED** and that this matter shall be **REMANDED** to the 22nd Judicial District Court for the Parish of St. Tammany, State of Louisiana.

The Court awards Girod attorney's fees and costs, to be assessed against the Defendants.  **IT IS ORDERED** that the issue of attorney's fees and costs incurred in connection to the removal be **SEVERED**.  Girod shall file a motion for costs and attorney's fees, detailing the amount incurred for the instant motion, **within fourteen days** of the date of this Order and Reasons.

**IT IS FURTHER ORDERED** that the Pittmans' Motion to Enforce 28 U.S.C. § 1446(d), for 28 U.S.C. § 2283 Stay of State Court Proceedings, for Declaratory

---

[105] Girod asks that attorney's fees and costs also be assessed against Mr. Klein.  It does not appear that the Fifth Circuit has addressed the issue of whether attorney's fees and costs under § 1447(c) may be assessed against a removing attorney.  However, the United States Fourth Circuit Court of Appeals has found that the statute only applies against removing defendants.  *See In re Crescent City Estates, LLC*, 588 F.3d 822, 825 (4th Cir. 2009) ("[U]nless there is at least some indication that Congress intended *attorneys* to pay under § 1447(c), we will apply the American Rule's presumption that parties *pay*."); *Heisler*, 2020 WL 3605947, at *9 n.122 (E.D. La. July 2, 2020) (applying *Crescent City Estates*); *see also Healey v. Chelsea Res., Ltd.*, 947 F.2d 611, 624 (2d Cir. 1991) ("When a fee-shifting statute that authorizes the courts to award attorneys' fees . . . does not mention an award against the losing party's attorney, the appropriate inference is that an award against attorneys is not authorized.").
[106] *See Coward v. AC & S., Inc.*, 91 F. App'x 919, 922 (5th Cir. 2004) ("[W]e hold that a district court is not divested of jurisdiction to award attorney fees and costs pursuant to § 1447(c) after a remand has been certified.").
[107] R. Doc. 21.

Judgment Enforcing the Supremacy Clause of the United States Constitution and 28

U.S.C. 2202 § [sic] Further Relief is **DENIED AS MOOT**.

    New Orleans, Louisiana, October 11, 2024.

**WENDY B. VITTER**
**United States District Judge**